# Roberts v. Brytczuk

C.P. of Centre County, nos. 1999-2792, 1999-2826.

*Anthony J. Gerace Jr.,* for plaintiffs.
*George R. Farneth II* and *Kevin M. Blake,* for defendants.

GRINE, *J.,* March 16, 2004—This matter stems from an automobile/tractor-trailer accident that occurred on December 6, 1997, in Mercer County, PA, for which plaintiffs Sharon Dixon-Brytczuk and Matthew Dixon seek to recover injuries and damages allegedly sustained. At this time, defendants bring a motion in limine to preclude or limit plaintiff Sharon Dixon-Brytczuk from presenting evidence of amounts paid for medical expenses from this accident by Interstate Hotels Health Plan, an ERISA self-funded plan, through her employment. The health plan claims a right to reimbursement from any monies received by plaintiff from a third party as recovery damages for the accident. Therefore the health plan will have a lien on any award plaintiff gains from this

lawsuit for the amount of medical expenses the health plan paid for plaintiff.

Defendants' motion seeks to keep plaintiff from presenting evidence that part of her award will be paid back to the health plan, and contends that (1) Pennsylvania's Motor Vehicle Financial Responsibility Law at 75 P.S. §1797 (otherwise known as Act VI) limits any recovery of medical expenses paid by the ERISA self-funded plan; (2) that the health plan does not provide for subrogation, but for reimbursement; and (3) that the health plan cannot enforce any right of subrogation against plaintiff.

In a motion dated June 1, 2003, the parties had agreed to a consent order providing (1) that the health plan was a self-funded ERISA from 2000-2002; (2) whether the plan remained self-funded during 2003 would be the subject of further submissions; (3) in the event the court subsequently determines that the cost containment provisions of the MVFRL, 75 P.S. §1797 apply to plaintiff's claim, plaintiff would have the burden of proving that the amounts paid were in accordance with that provision; (4) and within 30 days of the date of the consent order defendants were to file a motion if they wished to assert that the health plan did not provide for subrogation. Defendants now bring their motion in limine.

First, defendants contend that plaintiff may only introduce into evidence the amount of the medical and hospital expenses paid by the health plan that comply with Act VI of the MVFRL. Section 1797(a) of the MVFRL sets forth limits on the amount a healthcare provider can charge for medical services given to a victim of a motor vehicle accident. There was testimony in this matter that claims for medical expenses under plaintiff's

health plan were paid in accordance with agreements with the healthcare providers, without regard to the MVFRL limitations. In other words, the medical bills paid by the health plan on plaintiff's behalf are likely higher than what would have been allowed under the MVFRL.

Plaintiff argues that ERISA provisions pre-empt the limitation clause of the MVFRL. The pre-emption clause of ERISA states that "[E]xcept as provided in subsection (b) of this section, the provisions of this subchapter . . . shall supercede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." ERISA §514(a); 29 U.S.C. §1144(a). The subsection (b) referred to, under (b)(2)(A), known as the "savings clause," states that "[E]xcept as provided in subparagraph (b), nothing in this chapter shall be construed to exempt or relieve any person from any law of any state which regulates insurance. . . ." ERISA §514(b)(2)(A); 29 U.S.C. §1144(b)(2)(A). Furthermore, subparagraph (B) provides that an employee benefit plan governed by ERISA cannot be deemed an insurer. ERISA §514(b)(2)(B); 29 U.S.C. §1144(b)(2)(B). Pennsylvania's MVFRL defines an "insurer" as "[A] motor vehicle liability insurer subject to the requirements of this chapter (the MVFRL)." 75 Pa.C.S. §1702.

Further, the U.S. Supreme Court gives the ERISA pre-emption clause a broad reading:

"It establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA. The savings clause returns to the states the power to enforce those state laws that 'regulate insurance,' except as provided in the deemer clause. Under the deemer clause, an em-

ployee benefit plan governed by ERISA shall not be 'deemed' an insurance company, an insurer, or engaged in the business of insurance . . . ." *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990).

In *FMC Corp.*, the U.S. Supreme Court ruled that the anti-subrogation provisions of Pennsylvania's MVFRL (sections 1720 and 1722) were pre-empted by ERISA where a self-funded plan was involved, stating that if state law provisions had to be applied to calculate benefit levels differently in each state, the application of differing state subrogation laws would frustrate plan administrators' continuing obligation to calculate uniform benefit levels nationwide. *Id., supra.*

Plaintiff asserts that this logic should apply equally to section 1797 of the MVFRL. Plaintiff cites *Klinefelter v. Faultersack*, 31 F. Supp.2d 457 (E.D. Pa. 1998), where the court held that medical bills arising out of a motor vehicle accident in Pennsylvania that were paid by an ERISA plan were not limited by section 1797 of the MVFRL on the grounds of pre-emption. Further, plaintiff provides that avoiding conflicting state laws affecting the administration of employee benefit plans is the "specific evil ERISA was intended to address." *Orndoff v. Wilson*, 760 A.2d 1, 5 (Pa. Super. 2000). Plaintiff also notes that a significant amount of her medical expenses were paid to medical providers in Maryland, which are not controlled by Pennsylvania's MVFRL.

The court finds that federal ERISA law pre-empts Pennsylvania's MVFRL provisions in this matter in that the self-funded ERISA plan is not considered an insurer and not subject to the MVFRL limitations at section 1797.

Next, defendants claim that the health plan does not provide for subrogation, but only for reimbursement, and that these two terms have different legal consequences. Plaintiff argues that, although health plan uses the term "reimbursement," it has the same effect as subrogation and should be applicable in the same manner. The health plan contains the following language:

*"Acts of third parties*

"This provision applies whenever someone else . . . is legally responsible or agrees to compensate you for an *illness* or *injury* suffered by you or your dependent(s). In that case, you must reimburse the plan for any benefits it paid relating to that illness or injury, up to the full amount of the compensation received from the other party (regardless of how that compensation may be characterized)."

The court does not find a distinction here between the terms reimbursement and subrogation. The clause in the health plan, quoted above, is a plain-language definition of subrogation, written so the layperson can easily understand his obligation in common terms. Because the health plan clearly has the right to be reimbursed from any recovery obtained by plaintiff, plaintiff has the right to bring into evidence the amounts paid by the health plan for medical expenses incurred as a result of the accident in the instant matter. Plaintiff also notes this claim is untimely under the consent order, and can be dismissed on those grounds as well.

Defendants also claim that the health plan cannot enforce any right of subrogation against plaintiff. The court agrees that this is not an issue which defendant has standing to raise. Whether or not the health plan can enforce

its right to subrogation against plaintiff is an issue between the health plan and plaintiff; only a participant, beneficiary or fiduciary can assert such an action. Further, it is clear that the health plan has an enforceable right to reimbursement for the amounts paid by it for the medical expenses of plaintiff.

Finally, defendants request authorization from the court to pay health plan directly from any damages plaintiff receives from defendants to resolve the lien on plaintiff's recovery. The court will grant this request for defendants to pay health plan directly, after payment of any attorney costs, fees or contingent fee agreement, or other contractual arrangements based on the amount of the award outcome, and further directs defendants to provide plaintiff with timely documentation of satisfaction of this lien at the appropriate time.

## ORDER

And now, March 16, 2004, for the reasons stated above, it is ordered and decreed that defendants' motion in limine is hereby denied.

It is further ordered and decreed that defendants will pay off plaintiff's debt to health plan directly from any damage awards granted to plaintiff, after payment of any attorney costs, fees or contingent fee agreement, or other contractual arrangements based on the amount of the award outcome, before paying the remainder to plaintiff. Defendants are directed to provide plaintiff with timely documentation of satisfaction of this lien at the appropriate time.